WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
James N. Lawlor

Proposed Attorneys for Word World, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Case No: 11-_____ ( ) |
| WORD WORLD, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | |

---

**APPLICATION OF THE DEBTOR PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN CHALLENGER SOLUTIONS AS FINANCIAL ADVISORS TO THE DEBTOR AND DEBTOR-IN-POSSESSION**

---

Word World, LLC, a New York limited liability company and debtor and debtor-in-possession (the "*Debtor*"), hereby submits this Application for an Order Pursuant to Sections 327 and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 Authorizing and Approving the Employment of Challenger Solutions, LLC as Financial Advisors to the Debtor (the "*Application*"). In support of this Application, the Debtor submits the Affidavit of Don Moody in Support of Debtor's Chapter 11 Petition and Request for First Day Relief (the "*First Day Affidavit*"), filed contemporaneously herewith, and respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory bases for

the relief sought herein are Sections 105, 327 and 328(a) of Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Venue of the Debtor's Chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

2. On February 10, 2011 (the "***Petition Date***"), the Debtor filed with the Clerk of the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor plans to continue to operate its business and manage its property pursuant to sections 1107(a) and 1108 of the Bankruptcy Code as debtors-in-possession.

3. A detailed description of the Debtor's businesses and facts precipitating the filing of the Debtor's Chapter 11 proceedings is set forth in the First Day Affidavit. Those facts are incorporated herein by reference.

## REQUESTED RELIEF AND REASONS THEREFORE

4. By this Application, the Debtor seeks authority to retain Challenger Solutions, LLC ("***Challenger***") as its financial advisor pursuant to the terms of the Engagement Letter, which is incorporated herein by reference and attached hereto as Exhibit "A", pursuant to sections 327(a), 328(a) and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a). The Engagement Letter describes (a) the various services that Challenger anticipates performing for the Debtor in the Chapter 11 case and (b) the terms and conditions of his engagement, including its compensation. Challenger's provision of services to the Debtor is contingent upon the Court's approval of the terms and conditions of the Engagement Letter. Challenger's compensation is subject to Court approval.

## SERVICES TO BE RENDERED

5.  Among the services Challenger is expected to provide are the following:

(a)  Review and assess financial information that has been and that will be provided by the Debtor to its creditors, including, without limitation, the Debtor's short and long-term projected cash flows.

(b)  Develop, review and analyze, in conjunction with Management and the Debtor's other advisors, potential restructuring plans and strategic alternatives to maximize the enterprise value of the Debtor.

(c)  Work with the Debtor's other advisors to pursue an expedited sale of essentially all of the operating assets under section §363 of the Bankruptcy Code and to implement strategies and tactics to achieve the highest and best alternatives from the sale process.

(d)  Lead the Debtor's due diligence effort necessary for the sale process

(e)  Serve as the Debtor's principal contact with its creditors (and its financial advisor) with respect to the Debtor's financial and operational matters.

(f)  Assist in asset sales and the identification of cost reduction, margin enhancement and working capital opportunities

(g)  Coordinate reporting procedures that allow for monitoring of post-petition operations

(h)  Manage various activities related to the Debtor's Chapter 11 case, including the assembly of its schedules and statements of financial affairs, case administration, ongoing Chapter 11 motions, and claims reconciliation

(i)  Manage the "working group" professionals retained by the Board to assist the Debtor in its restructuring and sale efforts or who work for the Debtor's various stakeholders to improve coordination and individual work product to be consistent with the Debtor's overall strategic goals

(j)  Oversee traditional accounting and finance functions in financial reporting, treasury, planning, compliance and tax

(k)  Work with the Chief Executive Officer and management to develop, implement and execute the business plan to position the Debtor for future profitability and growth

(l)  Assist with the administration of the Debtor and provide other services as may be requested by the Chief Executive Officer or as required by the Board of Directors.

## QUALIFICATIONS

6. The Debtor selected Challenger for the reason that Challenger and Mr. Shapiro have considerable chief financial officer and reorganization experience and have served in similar capacities in other Chapter 11 cases, and that Challenger is well qualified to serve as financial advisor to the Debtor in these proceedings.

7. Additionally, Mark Shapiro, Challenger's principal and managing director, has extensive experience with the Debtor and its operations. He played an integral part in obtaining debtor-in-possession financing for the Debtor and in negotiations with the potential stalking horse for the contemplated sale of substantially all of the Debtor's assets as described in the First Day Affidavit. Mr. Shapiro is also expected to serve as the Debtor's interim chief financial officer and to assist the Debtor and its professionals with the sale process and the Debtor's reorganization efforts.

## DISINTERESTEDNESS

8. In reliance upon the Affidavit of Mark Shapiro (the "*Shapiro Affidavit*") annexed hereto as Exhibit "B", and subject to the disclosures made therein, to the best of the Debtor's knowledge, Challenger does not represent or hold an interest adverse to the Debtor or its estate that would preclude Challenger from serving as financial advisor to the Debtor in connection with the above captioned matter and is a disinterested person within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code.

9. To the best of the Debtor's knowledge, Challenger has had no previous relationship with the Debtor prior to Challenger's retention in October 2010.

10. Insofar as the Debtor has been able to ascertain, the Debtor knows of no conflict of interest that would preclude Challenger from serving as financial advisor to the Debtor in connection with the above captioned matter.

11. To the best of the Debtor's knowledge, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, Challenger has no prior connection with the Debtor, its creditors, any other party in interest, its respective attorneys or accountants, the United States Trustee, or any persons employed in the office of the United States Trustee, which would in any way disqualify it from serving as financial advisor to the Debtor in this matter, as more fully set forth in the Shapiro Affidavit.

12. Challenger has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Shapiro Affidavit, Challenger will promptly disclose such information to this Court and the creditors of the Debtor.

## PROFESSIONAL COMPENSATION

13. As set forth in Shapiro Affidavit, prior to the Petition Date, Challenger was paid in the ordinary course of business in accordance with the Debtor's disbursement cycle and is not owed any amounts as of the Petition Date.

14. Challenger has been retained by the Debtor for the specific purpose of serving as financial advisor to the Debtor in connection with the above captioned matter and has agreed with the Debtor that no compensation will be paid, except as may be allowed by the Court for services rendered by Challenger in connection with the above captioned matter.

15. Challenger intends to apply to this Court for the allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules. The Debtor seeks the approval

of all of Challenger's fees and expenses in this Chapter 11 case, including without limitation the monthly fees and the transaction fees, pursuant to section 328(a) of the Bankruptcy Code. The compensation and expense reimbursements sought by Challenger shall not be subject to challenge or review except under the standards of review under 11 U.S.C. § 328(a), provided, however, that Challenger's professionals shall keep time records in half hour increments. Challenger shall not be required to maintain time on a "project category" basis, and the Office of the United States Trustee shall be permitted to object to Challenger's fee applications (including expense reimbursements) in respect of fees and expenses on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

16. In connection with the execution of the Engagement Letter, Challenger is to receive a $25,000 non-refundable retainer, payable upon entry of the order of the Bankruptcy Court approving the retention of Challenger.

17. Subject to Court approval, Challenger is to be paid a "*Monthly Base Fee*" for the services outlined in this Agreement will be $28,000 monthly and includes time incurred by Mr. Shapiro, who will be based at the Debtor on a substantially full-time basis. In addition to the Monthly Base Fee, any time incurred by additional personnel will be billed at Challenger standard hourly rates (the "*Additional Personnel Hourly Fees*"). At the end of each month, Challenger shall furnish to the Debtor copies of an invoice for the Monthly Base Fee plus any Additional Personnel Hourly Fees incurred in respect of that month. The Monthly Base Fee and/or the Retainer may be adjusted from time to time by mutual agreement between the Debtor and Challenger. The Monthly Base Fee will be billed and immediately payable monthly on the last day of each month by check or wire transfer.

18. As further compensation, the Debtor also agrees to pay Challenger an additional fee (the "*Additional Fee*") of $40,000. The Additional Fee will be earned and paid upon the consummation of a plan of reorganization under Chapter 11 proceedings; or (b) the consummation of the sale of all or a substantial portion of the assets of the Debtor.

19. The Debtor shall also reimburse reasonable and customary, business and business-related expenses that would be incurred in this engagement (the "*Out-of-Pocket Expenses*"). Except as specifically set forth herein, eligibility standards for the types of expenses to be reimbursed and the itemized support required for such reimbursements should be commensurate with Challenger's internal policies and procedures. Business and business-related expenses to be reimbursed will include weekly round-trip airfare for members of the Challenger team and Challenger's home office or operating sites, parking fees and ground transportation, automobile rental, hotel or corporate apartment accommodations, daily meals or meal allowance and other reasonable expenses associated with this engagement.

20. Challenger has indicated a willingness to act as financial advisor for the Debtor as debtor and debtor-in-possession.

21. The Debtor desires to employ Challenger as financial advisors because of the extensive services required of Challenger and because the Debtor believes that Challenger is well qualified to act in such a capacity on the Debtor's behalf in this Chapter 11 case and in any superseding case.

## NOTICE, PRIOR APPLICATIONS AND WAIVER OF BRIEF

22. No trustee, examiner or creditors' committee has been appointed in this case. Notice of this Application has been given by email, facsimile and/or hand delivery on the Petition Date to (i) the United States Trustee, (ii) the Debtor's 20 largest unsecured creditors, and (iii) all

secured creditors known to the Debtor (collectively, the "*Notice Parties*"). In light of the emergent nature of the relief requested herein, the Debtor submits no other or further notice need be given.

23. The Debtor submits that this Application does not present novel issues of law requiring the citation to any authority other than the authority cited herein and, accordingly, no brief is necessary.

24. No prior application for the relief requested herein has been made to this or any other court.

**[Remainder of Page Deliberately Left Blank]**

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court (a) enter the interim and final orders, the interim form of which is annexed hereto as Exhibit "C", authorizing and approving the employment of Challenger as its financial advisor, pursuant to Sections 327 and 328(a) of the Bankruptcy Code and Rule 2014; and (b) grant such other and further relief as is just and proper.

Respectfully submitted,

Word World, LLC

By: _____
Name: Don Moody
Title: Chief Executive Officer and Manager

Dated: February 9, 2011
New York, New York