# EXHIBIT A

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
James N. Lawlor

Proposed Attorneys for Word World, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No: 11-_____( ) |
|---|---|
| WORD WORLD, LLC, | Chapter 11 |
| Debtor and Debtor-in-Possession. | |

**ORDER GRANTING THE APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BDO CAPITAL ADVISORS, LLC AS FINANCIAL ADVISOR AND EXCLUSIVE INVESTMENT BANKER FOR THE DEBTOR AND DEBTOR-IN-POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a)**

Upon the Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 Authorizing and Approving the Employment and Retention of BDO Capital Advisors, LLC (*"BDO Capital"*) as Financial Advisors and exclusive Investment Banker for the Debtor and Debtor-in-Possession (the *"Application"*), all as more fully described in the Application[1], filed by Word World, LLC, a New York limited liability company and debtor and debtor-in-possession (the *"Debtor"*) on February 10, 2011; and upon the consideration of the accompanying Declaration of Jeffrey R. Manning (the *"Manning Declaration"*) and the Affidavit of Don Moody in Support of Debtor's Chapter 11 Petition and Request for First Day Relief; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Application.

the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief sought therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to: (i) the United States Trustee for the Southern District of New York; (ii) the Debtor's 20 largest unsecured creditors; (iii) all secured creditors known to the Debtor; (iv) the attorneys for any creditors committee appointed in the above-captioned matters to date; and (v) all parties who have requested notice in the above-captioned case to date, and it appearing that no other or further notice need be provided; and upon the Court being satisfied that, based on the representations in the Application and the Manning Declaration, BDO Capital is a disinterested person within the meaning of 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and represents no interest adverse to the Debtor or its estate with respect to the matter upon which BDO Capital is to be engaged, and is otherwise in compliance with Federal Rule of Bankruptcy Procedure 2014; and the Court being further satisfied that the employment of BDO Capital is necessary and in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Application is approved.

2. The Debtor is authorized to employ and retain BDO Capital as its financial advisor and exclusive investment banker.

3. BDO Capital is entitled to receive from the Debtor's estate, as compensation for its services in this case the fees and expense reimbursements set forth in the Engagement Letter, as modified by this Order.

4. All of BDO Capital's fees and expenses in this Chapter 11 case, including, without limitation, the Retainer Fee and the Transaction Fee, are approved pursuant to section 328(a) of the Bankruptcy Code. Except as set forth in the next decretal paragraph, compensation and

expense reimbursements sought by BDO Capital shall not hereafter be subject to challenge or review except under the standards of review under 11 U.S.C. § 328(a).

5. Any and all fees will be paid to BDO Capital upon specific approval from the Court or in accordance with any other procedures for the compensation of professionals established by the Court in these cases provided, however, that BDO Capital's professionals shall keep time records in half hour increments. BDO Capital shall not be required to maintain time on a "project category" basis.

6. Any fees or expenses paid to BDO Capital but disapproved by this Court will be promptly returned by BDO Capital to the Debtor's estate. Only the Office of the United States Trustee shall retain the right to object to BDO Capital's fee applications (including expense reimbursements) in respect of fees and expenses on all grounds, including, but not limited to, the reasonableness standards provided for in 11 U.S.C. § 330.

7. All requests under the indemnification provision that is included in the Engagement Letter (the "*Indemnification Agreement*") for payment of indemnity, contribution or otherwise shall be made by means of an interim or final fee application and shall be subject to review by the Court to ensure that such payment conforms to the terms of the indemnification, the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court, and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought.

8. In the event an indemnified person seeks reimbursement of attorneys' fees from the Debtor pursuant to the Indemnification Agreement, the invoices and supporting time records from such attorneys shall be included in BDO Capital's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. The Office of the United

States Trustee reserves the right to object to any indemnified person's request for reimbursement of attorneys' fees from the Debtor on any grounds.

9. To the extent that any express term of this Order is inconsistent with the Engagement Letter, such term of this Order shall govern.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2011
       New York, New York

                                        **UNITED STATES BANKRUPTCY JUDGE**