KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Fred Stevens
Carrie V. Hardman
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

*Proposed Counsel to the Official Committee of
    Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                            :
                                                 :         Chapter 11
WORD WORLD, LLC,                                 :
                                                 :         Case No. 11-10543 (SHL)
                        Debtor.                  :
---------------------------------------------------------x

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE LENDER'S REQUEST FOR THE PAYMENT OF
EXPENSES BY THE DEBTOR FOR THE PERIOD ENDED JANUARY 31, 2011**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") for Word World, LLC, the above-captioned debtor (the "Debtor"), by its proposed counsel, Klestadt & Winters, LLP, as and for its objection (the "Objection") to the request of Standard General Fund L.P. (the "DIP Lender") for a reimbursement of expenses on account of legal fees incurred through January 31, 2011 (the "Fees"), respectfully sets forth and alleges as follows:

**OBJECTION**

1.      By order dated February 18, 2011 (the "Interim DIP Order") [DE 28], this Court approved interim advances under a proposed post-petition lending agreement between the DIP Lender and the Debtor (the "Lending Agreement") in the total amount of $390,000.   In

connection with that authorization, the Court did not approve any fees sought by the DIP Lender except for the commitment fee (3% of amount loaned), the contractual rate of interest (9.64%), and reimbursement of expenses (completely uncapped and subject only to reasonableness). The final hearing on Debtor's motion for approval of the Lending Agreement (the "<u>Lending Motion</u>") is scheduled for March 2, 2011, at 2:00 p.m. Contemporaneously herewith, the Committee has filed objections to the Lending Motion and related motions filed by the Debtor.

2. With respect to the reimbursement of expenses for the DIP Lender, the Interim DIP Order states as follows:

> The Debtor shall reimburse DIP Lender for its reasonable professional fees, costs, and expenses as and to the extent provided in the DIP Loan Agreement, whether incurred pre-petition or post-petition. None of such costs and expenses shall be subject to Court approval or U.S. Trustee guidelines, and no recipient of such payment shall be required to file with respect thereto any interim or final fee application with this Court; provided, however, the Debtor, the U.S. Trustee, and the Committee, if one is appointed, shall be provided with a summary of such fees and expenses 10 days prior to their payment. The Debtor, the Committee, or the U.S. Trustee may object to such fees; provided, however, that if no such objection is filed within such 10 day period, then such fees shall be allowed and the Debtor shall be authorized and directed to pay the same.

Interim DIP Order, ¶24.

3. At the interim hearing conducted by this Court on the Lending Motion on February 15, 2011, it was not disclosed to the Court that the DIP Lender's attorney's fees through January 31, 2011 (ten days before the petition date) that would be charged to the Debtor if the facility was approved were already $46,249.86. This Court should have been informed that by approving an interim facility of $390,000, it was authorizing the payment of $46,249.86 in expenses through January 31, 2011, plus what are assumed to be significant fees from February 1, 2011, through March 2, 2011. The Committee assumes that if fees were being incurred at the same rate through February, the DIP Lender's expenses near $100,000, which if allowed, would be chargeable against a $390,000 interim facility.

4. The Committee objects to the Fees and any allowance of the Fees under the Interim DIP Order as follows:

- The Committee is unable to determine the reasonableness of the fees with the explanation provided by the DIP Lender of the Fees, which is simply:

    FOR PROFESSIONAL SERVICES RENDERED to Standard General Fund L.P. recorded through January 31, 2011 in connection with the Senior Secured Debtor-In-Possession Loan dated January 10, 2011, including communications with client regarding DIP Loan term sheet and reviewing same; drafting DIP loan agreement and communications with client and counsel for Word World regarding same; reviewing loan due diligence and communications with client and representatives of Word World regarding same; communications with counsel for Enhanced Capital regarding termination of its loan; reviewing DIP budget and communications with client regarding same; drafting form of revolving note and communications with client and counsel for Word World regarding same; drafting form of interim financing order and communications with client and counsel for Word World regarding same; drafting Letter of intent for DIP loan and communications with client regarding same; miscellaneous disbursements and other charges, including duplicating costs.

    A copy of the Fee Statement is annexed hereto as <u>Exhibit A</u>.

- The Committee objects to the allowance of any expense reimbursement on account of legal fees without requiring generally the same timekeeping requirements of professionals employed by the estate or a committee under section 330 of the Bankruptcy Code and the Official Guidelines promulgated by the United States Trustee.

- The Committee objects to the allowance of pre-petition fees incurred by the DIP Lender, and the payment of those fees with funds advanced through the post-petition Lending Agreement.

- The Committee objects to the allowance of any expenses of the DIP Lender since they were incurred as part of an attempt to purchase the Debtor's assets, not merely the extension of a loan. If the DIP Lender wants to intertwine its lending with its attempt to

purchase the Debtor's assets, it should not be entitled to the reimbursement of any expenses as if it were a traditional lender in the business of lending money.

- The Committee reserves any and all objections it may have to the payment of the Fees to such time as it has had adequate information and discovery with respect to all billing details, and facts and circumstances of the Debtor's and DIP Lender's business dealings.

5. For the foregoing reasons, the Fees should be denied.

Dated: New York, New York
February 28, 2011

KLESTADT & WINTERS, LLP

By: *s/ Fred Stevens*
Tracy L. Klestadt
Fred Stevens
Carrie V. Hardman
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com

*Counsel to The Official Committee of
    Unsecured Creditors*

# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800     Fax: 212.554.7700
www.mosessinger.com

James Sullivan
Direct: 212.554.7640
jsullivan@mosessinger.com

Federal Employer Identification No. 13-5259490

| | |
|---|---|
| Standard General Master Fund LP | February 8, 2011 |
| 650 Madison Avenue | Our File No. 013113-0101 |
| New York, NY 10022 | Our Invoice No. 85233 |

Re:   **WORD WORLD DIP LOAN**

FOR PROFESSIONAL SERVICES RENDERED to Standard General Fund L.P. recorded through January 31, 2011 in connection with the Senior Secured Debtor-In-Possession Loan dated January 10, 2011, including communications with client regarding DIP Loan term sheet and reviewing same; drafting DIP loan agreement and communications with client and counsel for Word World regarding same; reviewing loan due diligence and communications with client and representatives of Word World regarding same; communications with counsel for Enhanced Capital regarding termination of its loan; reviewing DIP budget and communications with client regarding same; drafting form of revolving note and communications with client and counsel for Word World regarding same; drafting form of interim financing order and communications with client and counsel for Word World regarding same; drafting letter of intent for DIP loan and communications with client regarding same; miscellaneous disbursements and other charges, including duplicating costs. ........   $ 46,181.50

Disbursements..............................................................................................   $      68.36

Total Due………………………………………………………….............   $ 46,249.86

*Remittance via wire transfer:*

Wachovia Bank, N.A., 12 East 49th Street, New York, NY 10017
Attention:            Basil Conroy / Jonathan Herb Sr.
Telephone:           212-350-3709 (Conroy) / 212-350-3711 (Herb)
Bank ABA Number:    031201467
SWIFT Code:          PNBPUS33 (for international wire transfers)
Account Name:        Moses & Singer LLP - Account Number:  2000030911316
Reference:           [Insert Invoice Number or Client Name]