KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Fred Stevens
Carrie V. Hardman
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

*Proposed Counsel to the Official Committee of
   Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| WORD WORLD, LLC, : | |
| : | Case No. 11-10543 (SHL) |
|              Debtor. : | |

-----------------------------------------------------------x

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES, COMPENSATION AND EMPLOYEE BENEFITS AND AUTHORIZING DEBTOR TO PAY PREPETITION REIMBURSABLE EMPLOYEE EXPENSES**

**TO:   THE HONORABLE SEAN H. LANE,
       UNITED STATES BANKRUPTCY JUDGE:**

       The Official Committee of Unsecured Creditors (the "<u>Committee</u>") for Word World, LLC, the above-captioned debtor (the "<u>Debtor</u>"), by its proposed counsel, Klestadt & Winters, LLP, as and for its objection (the "<u>Objection</u>") to the Debtor's motion, filed February 11, 2011 [DE 12] (the "<u>Employee Wage Motion</u>"), for an order authorizing the Debtor to pay prepetition wages, salaries, compensation and employee benefits and authorizing Debtor to pay prepetition reimbursable employee expenses:

**LIMITED OBJECTION**

       1.     The Committee has no objection to: (i) the allowance and payment of all employee wage claims that do not exceed the amount entitled to priority pursuant to section

507(a)(4) of the Bankruptcy Code; (ii) honoring sick and vacation days in the ordinary course that accrued since January 1, 2011; (iii) paying the pre-petition obligations under the Health Insurance Plan of approximately $4,000; (iv) paying amounts withheld from employees' pay in trust for third parties, such as taxes, social security, Medicare, garnishments, and health care premiums; and (v) reimbursing employees for expenses outlaid prior to the Petition Date, subject to the Committee review and approval of such expenses.

2. The Committee does object to the allowance and payment of all employee wage claims that exceed the amount entitled to priority pursuant to section 507(a)(4), especially any amounts allegedly owed to the Debtor's chief executive officer. The Committee's objections are as follows:

- The payments would result in a violation of the absolute priority rule by allowing the payment of certain general, unsecured claims but not others;

- The payments are to come from an expensive debtor-in-possession lending facility secured by assets presently available to all general, unsecured creditors, and thus, there is a significant premium on making the payments;

- The case law cited by the Debtor supports, at best, the allowance and payment of the priority claims (which the Committee has no problem with), but not the general, unsecured claims of Debtor's CEO and employees.[1] In fact, recent case law disfavors payments that circumvent the rules of priority and distribution. See *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004) (holding that the language of section 105(a), "does not create discretion to set aside the Code's rules about priority and distribution; the power conferred by §105(a) is one to implement rather than override.")

---

[1] The Debtor cites two cases in support of its argument that the payments should be made: In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981), and In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Neither is relevant to the question of whether non-priority wage claims can be paid. In *Lehigh & New England Ry. Co.*, the Third Circuit cited the doctrine of necessity but refused to apply it and allow the payment of the claims of pre-petition suppliers of goods, finding that they failed to demonstrate the existence of "a real and immediate threat. . . that failure to pay will place the continued operation of the [debtor] in serious jeopardy". In re Lehigh & New England Ry. Co., 657 F.2d at 581-582. In *In re Ionosphere Clubs, Inc.*, this Court was only dealing with the issue of whether the priority, pre-petition claims of all employees must be paid, or whether the Debtor could choose to only pay the claims of non-striking workers. The Court never addressed any issues related to the payment of non-priority employee wage claims. In re Ionosphere Clubs, Inc., 98 B.R. at 179.

- There is no evidence that the failure to pay the employees their non-priority claims will create "a real and immediate threat" to the operations of the Debtor, as is required under the doctrine of necessity.

3. At the very least, the Debtor must make a significant evidentiary showing to prove entitlement to pay the general, unsecured claims of some creditors, but not others especially when the favored creditors are insiders. Also, the Debtor should provide some relevant, legal authority with respect to its request to make such payments.

4. For the foregoing reasons, the relief sought in the Employee Wage Motion should be denied to the extent it seeks to make payments to employees on account of wages in excess of the amount entitled to priority under the Bankruptcy Code.

**WHEREFORE**, the Committee respectfully requests that the Employee Wage Motion be denied inasmuch as it seeks payment of wages above the statutory, priority limit, and that it be granted such other and further relief as is just.

Dated: New York, New York
March 4, 2011

KLESTADT & WINTERS, LLP

By: *s/ Fred Stevens*
Tracy L. Klestadt
Fred Stevens
Carrie V. Hardman
570 Seventh Avenue, 17th Floor
New York, New York 10018
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com

*Proposed Counsel to The Official Committee of Unsecured Creditors*