Alan D. Halperin, Esq.
Robert D. Raicht, Esq.
Debra J. Cohen, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
Phone: (212) 765-9100; Fax: (212) 765-0964
ahalperin@halperinlaw.net
rraicht@halperinlaw.net
dcohen@halperinlaw.net

*Proposed Counsel to the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

**WORD WORLD, LLC,**

Debtor.
------------------------------------------------------x

Chapter 11

Case No. 11-10543 (SHL)

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REPLACE WOLLMUTH MAHER & DEUTSCH LLP AND RETAIN HALPERIN BATTAGLIA RAICHT, LLP AS ITS BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO MARCH 13, 2011

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Word World, LLC, as debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case, submits this application ("Application") for entry of an order, pursuant to section 327(a) of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), for authority to retain Halperin Battaglia Raicht, LLP ("HBR") as bankruptcy

counsel under a general retainer to replace its current bankruptcy counsel, *nunc pro tunc* to March 13, 2011, and respectfully represents as follows:

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## Background

2. On February 10, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has continued in the management and operation of its business and property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. On February 23, 2011, the Office of the United States Trustee appointed a Committee of Unsecured Creditors (the "Committee") in this case, which consists of the following three (3) members: (i) PCEP II WW Holdings, Inc., c/o Palisade Capital Management, LLC (ii) Crest Animation Holdings (US), and (iii) Bardel Entertainment, Inc. [Docket #23]. The Committee retained the law firm of Klestadt & Winters, LLP as its counsel, whose retention application is pending before this Court [Docket #73].

4. The Debtor is a privately held limited liability company headquartered in New York City and is the owner of the WordWorld Children's animated television series, as well as all of the intellectual property associated with the WordWorld brand. WordWorld is broadcasted all over the United States and airs globally in approximately 90 countries in ten (10) languages. WordWorld is an innovative, award winning and

2

multiplatform children's entertainment and education property based upon a proprietary concept developed to teach pre-readers between the ages of two and six. Funded in part by a grant by the United States Department of Education, the Debtor produces a global television series, a complementary pre-school interactive website, and related consumer products that target a gap in the literacy marketplace between letter acquisition and advanced reading products. This gap, called "wordbuilding" represents a major milestone in a child's journey to become an early reader.

5. A detailed description of the Debtor's financial condition and the facts precipitating the filing of the Debtor's Chapter 11 case are set forth in the various pleadings heretofore filed in this case, including the Affidavit of Don Moody submitted in support of the Debtor's various "First Day Motions." [Docket #5].

**Retention of Counsel**

6. Prior to the Petition Date, in or about October 2010, the Debtors retained HBR to provide restructuring and related legal services. Indeed, HBR was engaged by the Debtors for approximately two months through the beginning of December 2010. All of HBR's fees and expenses were fully paid and satisfied against a retainer prior to the Petition Date. Thereafter, the Debtor retained the law firm of Wollmuth Maher & Deutsch LLP ("WMD") to provide pre-bankruptcy planning services and to commence this chapter 11 case. However, the Debtor contacted HBR and advised that it determined that it would be in its best interest and the best interests of its estate and creditors to replace WMD with HBR as it bankruptcy counsel. Upon accepting the engagement on March 13, 2011, HBR has immediately became actively involved in the case to ensure a seamless transition of counsel and a smooth continuation of the chapter 11 case. HBR

has already contacted the Debtor's former counsel to begin the transition, and is working with the Debtor to ensure continuation of various matters in progress. HBR has also already begun discussion with counsel to the Committee and counsel to the DIP lender, as well as the US Trustee to further facilitate the transition.

### Relief Requested

7. Consequently, the Debtor seeks authority to retain HBR, as replacement bankruptcy counsel in this case, *nunc pro tunc* to March 13, 2011. The Debtor has selected HBR, *inter alia*, because of HBR's familiarity of knowledge of the Debtor, its business and its financial issues as its former counsel, as well as HBR's considerable experience in reorganization and insolvency proceedings of this nature. As such, the Debtor believes that HBR is well qualified to represent it in this Chapter 11 case.

8. The professional services that HBR is to render can be summarized, as follows:

   a. To advise the Debtor with respect to its powers and duties as a debtor-in-possession in the continued operation of its business and the management of its property;

   b. To assist the Debtor in the sale of its business;

   c. To assist the Debtor to emerge from the Chapter 11 case;

   d. To assist the Debtor in confirming a plan in this case;

   e. To prepare, on behalf of the Debtor, necessary or appropriate applications, answers, orders, reports and other motions, complaints, pleadings, objections and documents;

   f. To appear before the Bankruptcy Judge and the United States Trustee and to represent the interests of the Debtor before said Bankruptcy Judge and the United States Trustee; and

   g. To perform any and all other legal services for the Debtor that may be necessary and appropriate herein.

9. To the best of the Debtor's knowledge, HBR has no connection with any of its creditors or any other party in interest or its respective attorneys, except as set forth in the Declaration of Alan D. Halperin, a member of HBR, annexed hereto as <u>Exhibit A</u> and made a part hereof.

10. It is contemplated that HBR will seek compensation based upon normal hourly billing rates in effect for the period in which services are rendered and will seek reimbursement of necessary and reasonable out of pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines (the "<u>Guidelines</u>") for reviewing motions for compensation and reimbursement of expenses filed under Sections 330 and 331 of the Bankruptcy Code, the Local Bankruptcy Rules, and further orders of this Court.

11. Because the full extent and nature of the legal services to be rendered are unknown at this time, the Debtor believes that the employment of HBR under a general retainer is appropriate and in the best interests of the Debtor and the estate (see the Statement Under Rule 2016 of Alan Halperin attached hereto as <u>Exhibit B</u>).

12. HBR will charge the Debtor at its regular hourly rates, which range from $525 to $195 for attorneys, $150 to $135 for law clerks, and $125 to $95 for paraprofessionals. HBR's billing rates are subject to adjustment from time to time.

13. HBR represents no interest adverse to the Debtor or its estate in the matters upon which HBR is to be engaged, and its employment is necessary and in the best interests of the estate. It is HBR's policy to charge its clients for disbursements and expenses incurred in connection with its services, including, without limitation, telephone and facsimile usage, computerized research, messengers, couriers, postage, and fees

5

related to trials and hearings. HBR will charge the Debtor for these expenses in a manner and at rates consistent with those made generally to its other clients, applicable law, and the Guidelines.

### No Prior Request

14. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor seeks entry of an order in the form attached hereto as Exhibit C granting the relief requested herein and for such other and further relief as is just and proper.

Dated: New York, New York
March 14, 2011

                                     **WORD WORLD, LLC**
                                     Debtor and Debtor-in-Possession

                                     By: _____
                                     Don Moody
                                     Chief Executive Officer and Manager

Filed by:

**HALPERIN BATTAGLIA RAICHT, LLP**

By: _____
Alan D. Halperin, Esq.
Robert D. Raicht, Esq.
Debra J. Cohen, Esq.
555 Madison Avenue, 9th Floor
New York, New York 10022
Phone: (212) 765-9100
Fax: (212) 765-0964
ahalperin@halperinlaw.net
rraicht@halperinlaw.net
dcohen@halperinlaw.net

*Proposed Counsel to the Debtor and Debtor-in-Possession*

6
{00139854.1 / 0835-001}

NO OBJECTION TO THE FOREGOING
HBR RETENTION APPLICATION

OFFICE OF THE U.S. TRUSTEE

By:_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

Chapter 11

**WORD WORLD, LLC,**

Case No. 11-10543 (SHL)

Debtor.
-----------------------------------------------------------x

## DECLARATION OF ALAN D. HALPERIN IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REPLACE WOLLMUTH MAHER & DEUTSCH LLP AND RETAIN HALPERIN BATTAGLIA RAICHT, LLP AS ITS BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO MARCH 13, 2011

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

Alan D. Halperin, pursuant to 28 U.S.C. § 1746, hereby declares that the following is true to the best of my knowledge, information and belief:

1. I am a member of the law firm of Halperin Battaglia Raicht, LLP ("HBR"), which maintains offices for the practice of law at 555 Madison Avenue - 9th Floor, New York, New York 10022. I am familiar with the matters set forth herein, and make this declaration in support of the application of Word World, LLC, the debtor and debtor-in-possession herein (the "Debtor"), for authority to retain HBR as replacement bankruptcy counsel to the Debtor under a general retainer, *nunc pro tunc* to March 13, 2011.

2. To the best of my knowledge and information, formed after a reasonable inquiry, HBR neither holds nor represents any interest adverse to the Debtor, its creditors, or other parties-in-interest or their respective attorneys in this case. I have reviewed lists of current and past clients of HBR and have compared those lists to information provided by the Debtor, including its schedules, lists of creditors, list of executory contracts and the non-debtor parties thereto. To the best of my

knowledge and based upon HBR's due inquiry, HBR has not represented any of the parties related to the Debtor, its creditors, and other parties-in-interest, except that prior to the date on which the Debtor filed its chapter 11 case, in or about October 2010, HBR was retained by the Debtor to provide restructuring and related legal services[1] and that HBR was engaged by the Debtors for approximately two months through the beginning of December 2010. HBR may have represented as yet unknown certain creditors of the Debtor in matters unrelated to this case. If any connections to creditors and parties in interest become known, HBR will supplement these disclosures.

3. HBR does not have any connection with the United States Trustee or any person employed in the office of the United States Trustee. HBR does not have any connection with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), or any Judge or person employed by the Bankruptcy Court.

4. Based upon the information available to me, I believe that HBR is a "disinterested person" within the meaning of §101(14) of Title 11 of the United States Code (the "Bankruptcy Code").

5. No agreement exists to share any compensation received by HBR for its services with any other person or firm. No promises have been received by HBR or by any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

6. HBR is willing to be retained by the Debtor as bankruptcy counsel, on a general retainer basis, and will bill at its normal hourly rates, which currently range from $525 to $195 for attorneys, $150 to $135 for law clerks, and $125 to $95 for paraprofessionals, plus reimbursement of out-of-pocket expenses. These rates are subject to adjustment from time to time. HBR will make appropriate application to this Court for compensation and reimbursement of expenses as required

---

[1] All of HBR's fees and expenses were fully paid prior to the Petition Date.

{00139855 1 / 0835-001}

by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York.

I DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of March, 2011.

                                                Alan D. Halperin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

Chapter 11

**WORD WORLD, LLC,**

Case No. 11-10543 (SHL)

Debtor.
-----------------------------------------------------------x

## STATEMENT UNDER RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND § 329 OF THE BANKRUPTCY CODE

**Alan D. Halperin**, a member of Halperin Battaglia Raicht, LLP ("HBR"), pursuant to § 329 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, states as follows:

1. In or about October 2010, prior to the date on which Word World, LLC, the debtor and debtor-in-possession herein (the "Debtor"), commenced its Chapter 11 case (the "Petition Date"), the Debtor retained HBR to provide restructuring and related legal services.

2. HBR was engaged by the Debtor for approximately two months through the beginning of December 2010. All of HBR's fees and expenses for services rendered to the Debtor during that time were paid against a retainer and satisfied in full prior to the Petition Date.

3. Thereafter, the Debtor retained the law firm of Wollmuth Maher & Deutsch LLP ("WMD") to provide pre-bankruptcy planning services and to commence this chapter 11 case. However, the Debtor contacted HBR and advised that it determined that it would be in its best interest and the best interests of its estate and creditors to replace WMD with HBR as it bankruptcy counsel. HBR accepted the engagement on March 13, 2011 and began working for the Debtor.

{00139856 1 / 0835-001}

4. All compensation to HBR, including reimbursement of expenses, shall be paid only upon the filing of an appropriate application for interim or final allowance of compensation pursuant to §§ 330 and 331 of the Bankruptcy Code and the Southern District of New York guidelines, or, as may otherwise be ordered by the Court.

5. HBR has not shared, or agreed to share (a) any compensation or reimbursement with another person or entity, other than regular associates or individuals, of counsel to the firm, or (b) any compensation or reimbursement received by another person.

Dated: New York, New York
March 14, 2011

Alan D. Halperin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

**WORD WORLD, LLC,**

Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 11-10543 (SHL)

## ORDER AUTHORIZING THE DEBTOR TO REPLACE WOLLMUTH MAHER & DEUTSCH LLP AND RETAIN HALPERIN BATTAGLIA RAICHT, LLP AS ITS BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO MARCH 13, 2011

Upon the application (the "Application") of Word World, LLC, the debtor and debtor-in-possession herein (the "Debtor"), for authority to replace Wollmuth Maher & Deutsch LLP ("WMD") as its current bankruptcy counsel with, and to retain, Halperin Battaglia Raicht, LLP ("HBR"), as bankruptcy counsel to the Debtor, under a general retainer, *nunc pro tunc* to the March 13, 2011, and upon the Declaration of Alan D. Halperin, dated March 14, 2011 in support of the Application; and the Court being satisfied that (a) the employment of HBR is necessary and in the best interests of the Debtor and its estate, (b) HBR does not have or represent any interest adverse to the Debtor or its estate, and (c) HBR is a "disinterested person" as that term is defined in § 101(14) of Title 11 of the United States Code, as amended (the "Bankruptcy Code"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and good and sufficient cause appearing for the relief sought by the Application; it is

{00139857 1 / 0835-001}

ORDERED, that pursuant to § 327(a) of the Bankruptcy Code, the Debtor is hereby authorized to replace WMD as its current bankruptcy counsel with, and to retain, HBR, as bankruptcy counsel to the Debtor, under a general retainer, *nunc pro tunc* to March 13, 2011; and it is further

ORDERED, that ten business days' notice must be provided by HBR to the Debtor, the United States Trustee and counsel for the Official Committee of Unsecured Creditors prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code; and it is further

ORDERED, that HBR shall be compensated in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York, and the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and any orders issued by this Court.

Dated: New York, New York
      March __, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION 3/15/11

*/s/ Susan D. Holden*
_____
Office of U.S. Trustee