UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

**WORD WORLD, LLC,**

Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 11-10543 (SHL)

### ORDER AUTHORIZING THE DEBTOR TO ENTER INTO AN AGREEMENT *NUNC PRO TUNC* TO THE PETITION DATE TO EMPLOY CHALLENGER SOLUTIONS, LLC AS CRISIS MANAGERS

Upon the supplemented Application and revised proposed order (collectively, the "Application") [Docket Nos. 10, 24 and 80] of Word World, LLC, the debtor and debtor-in-possession herein (the "Debtor"), for authority to enter into an engagement letter dated February 4, 2011 (the "Engagement Letter"), *nunc pro tunc* to the commencement of the Debtor's Chapter 11 case (the "Petition Date"), to retain Challenger Solutions, LLC ("Challenger"), pursuant to sections 363 and 105(a) of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), as crisis managers to the Debtor, and in connection therewith, to appoint Mark Shapiro ("Shapiro"), a principal of Challenger, as Chief Financial Officer (the "CFO") of the Debtor, to render the services set forth in the Application and the Engagement Letter;

**AND**, upon the Affidavit of Mark Shapiro dated February 1, 2011 (the "Shapiro Affidavit"), wherein Challenger represents that it does not hold or represent any interest materially adverse to the Debtor or its estate or creditors;

**AND** this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and

the relief sought therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to: (i) the United States Trustee for the Southern District of New York, (ii) the Debtor's 20 largest unsecured creditors, (iii) all secured creditors known to the Debtor, (iv) the attorneys for the Official Committee of Unsecured Creditors appointed in this case (the "Committee"), and (v) all parties who have requested notice in the above-captioned case to date, and it appearing that no other or further notice need be provided; and upon the Court being satisfied that, based on the representations in the Application and the Shapiro Affidavit, Challenger is a disinterested person within the meaning of 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and represents no interest adverse to the Debtor or its estate with respect to the matter upon which Challenger is to be engaged, and is otherwise in compliance with Federal Rule of Bankruptcy Procedure 2014; and the Court being satisfied that the employment of Challenger as crisis managers to the Debtor and the appointment of Mark Shapiro as CFO is necessary and in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED that:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to employ and retain Challenger as crisis managers and to appoint Shapiro as CFO in accordance with the Engagement Letter, *nunc pro tunc* to the Petition Date, with the terms and conditions set forth in the Application and in the Engagement Letter.

3. The terms of the Engagement Letter are approved, except as specifically modified by this Order, in which case the terms of this Order shall supersede the terms of the Engagement Letter.

4. Challenger and Shapiro shall act under the direction, control, and guidance of the Debtor's Chief Executive Officer (the "CEO"), Don Moody, and shall serve at the CEO's pleasure.

5. Challenger is entitled to receive from the Debtor's estate, as compensation for its services in this case, the fees and expense reimbursements set forth in the Engagement Letter, as modified by this Order.

6. Challenger and Shapiro shall not act in more than one of the following capacities in the Debtor's case: crisis manager, financial advisor, claims agent and investor or acquirer.

7. In the event that the Debtor and Challenger agree that Shapiro will assume an additional or different executive officer position or agree to modify materially the duties of Shapiro, then the Debtor shall file a motion or application to modify the retention specified in the Application.

8. Challenger shall file monthly invoices with the Court, summarizing the services provided and any expenses incurred by Challenger, and shall serve such invoices upon the Office of the United States Trustee and the Committee.

9. Challenger shall receive (a) compensation in this Chapter 11 case as specified in the Application, the Engagement Letter, and the Shapiro Affidavit, including without limitation the monthly fees and the transaction fees, and (b) reimbursement of expenses in this Chapter 11 case, which in each case Challenger shall file quarterly reports of compensation paid and expenses reimbursed with the Court, with notice to the United States Trustee and the Committee. Parties in interest shall have the right to object to fees paid when quarterly reports of compensation are filed with the Court, provided that such payments shall not hereafter be subject to challenge except under the reasonableness standard provided for in section 330 of the

Bankruptcy Code, and <u>further provided that</u> the United States Trustee retains all rights to object to Challenger's compensation (including expenses) on all grounds including but not limited to the reasonableness standard provided for in 11 U.S.C. § 330. Any fees or expenses paid to Challenger but disapproved by this Court will be promptly returned by Challenger to the Debtor's estate.

10. Notwithstanding anything to the contrary contained in the Application, the Engagement Letter, or the Shapiro Affidavit, the Debtor is authorized to indemnify (a) the CFO, as a person serving as an executive officer of the Debtor, and (b) Challenger, pursuant to the indemnification provision that is included in the Engagement Letter.

11. Notwithstanding anything to the contrary contained in the Application, the Engagement Letter, or the Shapiro Affidavit, Challenger shall be entitled to seek and obtain payment of its reasonable attorneys' fees only upon its prior application to this Court pursuant to sections 330 and 331 of the Bankruptcy Code, <u>provided, however</u>, the United States Trustee retains all rights to object to any attorneys' fees sought, including the right to assert that such fees are not permitted.

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15. The Debtor shall serve a copy of this Order within three (3) business days of its entry upon (i) the United States Trustee for the Southern District of New York; (ii) counsel for the Committee; (iii) all secured creditors known to the Debtor; and (iv) all parties who have requested notice in the above-captioned cases to date.

16. Notice of the Application as provided herein shall be deemed good and sufficient notice of the Application and no further or additional notice of the Application is required.

Dated: **March 22, 2011**
New York, New

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE


NO OBJECTION: *3/15/11*
OFFICE OF THE UNITED STATES TRUSTEE

By: */s/Susan Golden*
Susan D. Golden