UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

**WORD WORLD, LLC,**

Debtor.

----------------------------------------------------------x

Chapter 11

Case No. 11-10543 (SHL)

**ORDER PURSUANT TO §§ 105(A), 327 AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED BY THE DEBTOR IN THE ORDINARY COURSE OF THEIR BUSINESS *NUNC PRO TUNC* TO THE FILING DATE**

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to sections 105 (a), 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the retention and compensation of professionals utilized by the Debtor in the ordinary course of its business *nunc pro tunc* to the Petition Date, and the Court having jurisdiction to consider the Motion and the relief requested therein; and it appearing that the relief requested by the Motion is necessary to preserve the Debtor's ongoing business operations, as is in the best interests of the Debtor, its estate and creditors' and due notice of the Motion having been served; and after due deliberation sufficient cause appearing therefore, it is **ORDERED** that:

1. The Motion shall be and is hereby granted as set forth herein.

2. The Debtor is authorized to employ the Ordinary Course Professionals in the ordinary course of its business *nunc pro tunc* to the Petition Date.

3. The following procedures for the retention of the Ordinary Course Professionals are hereby approved:

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(a) The Debtor is authorized to pay, without formal application to the Court by an Ordinary Course Professional, 100% of fees and disbursements to each of the Ordinary Course Professionals retained by the Debtor upon (i) each Ordinary Course Professional' submission of a Declaration of Disinterestedness (as defined below) and (ii) upon the submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, *provided, however*, that each Ordinary Course Professionals' fees excluding costs and disbursement do not exceed $20,000 per month on average over a rolling three month period (the "Fee Cap" ) while this Chapter 11 case is pending.

(b) Any payments to an Ordinary Course Professional in excess of the Fee Cap (including amounts below the cap) shall be subject to prior approval of the Court in accordance with Sections 330 and 331 of the Bankruptcy Code.

(c) Not later than thirty (30) days after the entry of this Order, each Ordinary Course Professional on the list annexed to the Motion as Exhibit A shall file with the court and serve upon (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel to the Official Committee of Unsecured Creditors, and (iii) all secured creditors known to the Debtor (collectively, the "Notice Parties") a declaration of disinterestedness substantially similar to the form annexed as Exhibit B to the Motion (the "Declaration of Disinterestedness").

(d) The Notice Parties shall have twenty (20) days after the service of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall serve any such objection on the Notice Parties, the Debtor's counsel and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within ten (10) day of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date, or other date otherwise agreed to by the parties. If no objection is received from any of the Notice Parties by the Objection Deadline, the Debtor shall be authorized as a final matter to retain without further order of the Court and pay such Ordinary Course Professional to whom an objection was not filed.

(e) Beginning April 1, 2011, and on the first day of each quarter thereafter in which this Chapter 11 case is pending, the Debtor shall file with the Court and serve on the Notice Parties a statement with respect to what each Ordinary Course Professional was paid during the immediately preceding three-month period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional, (ii) the aggregate amount paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional

    during the reported quarter and (iii) a general description of the services rendered by the Ordinary Course Professional.

 (f) The Debtor reserves the right to supplement the list of Ordinary Course Professional as necessary to add or remove Ordinary Course Professionals, without the need to file individual retention applications for newly added Ordinary Course Professionals. In such event, the Debtor is authorized to file a notice with the Court listing the additional Ordinary Course Professionals that the Debtor intends to employ (the "OCP Notice") and serve such notice on the Notice Parties. Additionally, each additional Ordinary Course Professional listed on the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties. If, within twenty (20) days of service of the Declaration of Disinterestedness, no objections are filed to any such additional Ordinary Course Professional, then retention o the Ordinary Course Professionals shall be deemed approved by the Court without a hearing or further order.

4. The Debtor's right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted herein.

5. The terms and conditions of this Order shall be immediately effective an enforceable upon its entry.

6. No further or additional notice of the Motion is required.

7. The court shall retain jurisdiction over all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: **March 25, 2011**
   New York, New

                */s/ Sean H. Lane*
                HONORABLE SEAN H. LANE
                UNITED STATES BANKRUPTCY JUDGE